UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY GILLEYLEN,

        Plaintiff,

v.                                                                                         Case No. 1:05-cv-271

                                                       Hon. Wendell A. Miles

SUPREME COURT CLERK
CORBIN R. DAVIS,

        Defendant.
                                  /

## OPINION AND ORDER

Plaintiff filed this action under 42 U.S.C. § 1983 without benefit of counsel claiming Defendant violated his Constitutional due process and equal protection rights. This matter is presently before the Court on Defendant's Motion to Dismiss (Dkt. #11) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiff has responded. For the reasons that follow, the Court will grant the Motion.

## Background

Despite Plaintiff's 115 page complaint, plus attachments, the facts giving rise to this suit are not complex. Plaintiff filed a lawsuit in state court against a James Harrington. Plaintiff apparently lost the suit as he appealed the decision of the trial court to the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal on October 24, 2003. On November 7, 2003, Plaintiff filed with the Michigan Supreme Court a "Motion for Allowing Act After Expiration of Time Pursuant to MCR 7.316(B)." By his motion Plaintiff sought an

extension of time to file his application for leave to appeal. The reason he needed an extension of time was that he can type with only one finger on each hand, and concluded that he could not possibly prepare his appeal in the time allowed. Plaintiff received a letter, dated November 20, 2003, from the Defendant, Corbin R. Davis ("Davis"), Clerk of the Michigan Supreme Court, advising Plaintiff that his motion could not be docketed or considered by the Court because:

> the Court has determined that in keeping with its policy of strict enforcement of the time limitations for filing applications for leave to appeal to this Court, it will not entertain motions to extend the time limits on such an appeal.

After receiving the letter, Plaintiff filed suit against Davis in the Michigan Court of Claims. Davis filed a motion for summary disposition. On January 12, 2005, after hearing, the trial court found that Davis was entitled to immunity, granted Davis's motion, and dismissed the case with prejudice. The Court denied Plaintiff's motion for a rehearing on February 16, 2005, and awarded Davis his costs and fees.

Plaintiff filed his complaint against Davis in this court on April 7, 2005. He claims that when Davis failed to present Plaintiff's motion to the Michigan Supreme Court justices in accordance with Michigan Court Rule 7.316(B), Davis committed a constitutional tort thereby violating Plaintiffs due process and equal protection rights. Plaintiff seeks damages of one million dollars.

Davis contends that he is protected from liability by quasi-judicial and qualified immunity, and that Plaintiff's complaint is barred by the Rooker-Feldman doctrine.

Standard of Review

With a motion to dismiss under Rule 12(b)(1), the movant is challenging the court's subject matter jurisdiction.  "When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction." Angel v. Kentucky, 314 F.3d 262, 264 ( 6th Cir. 2002).  When considering a motion that questions the factual existence of jurisdiction, "no presumptive truthfulness applies to the factual allegations" in the pleadings.  Ohio Nat'l Life Co., 922 F. 2d at 325.  The court may resolve factual disputes, id., and review affidavits, documents or other evidence without turning the motion into one for summary judgment.  Rapier v. Union City Non-Ferrous, Inc., 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002).  The Defendant has presented a factual attack on the court's subject matter jurisdiction based upon the Rooker-Feldman doctrine.

A motion under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims.  Barrett v. Harrington, 130 F. 3d 246, 251 (6th Cir. 1997).  The court must accept as true all factual allegations in the complaint and any ambiguities must be resolved in the plaintiff's favor.  Ziegler v. IBP Hog Market, 249 F. 3d 509, 511-512 (6th Cir. 2001).  A complaint should be dismissed under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

I. Rooker - Feldman doctrine

Lower federal courts lack subject matter jurisdiction to engage in appellate review of state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d

206 (1983); Peterson Novelties, Inc. v. City of Berkley, 306 F. 3d 386, 390 (6th Cir. 2002); Anderson v. Ypsilanti Twp., 71 F. Supp. 2d 730, 731 (1999). Only the United States Supreme Court may conduct federal review of state court proceedings. *See* 28 U.S.C. § 1257(a); Patmon v. Michigan Supreme Court, 224 F. 3d 504, 506 (6th Cir. 2002).

The Rooker-Feldman doctrine applies even where the plaintiff claims that his civil rights were violated at the state level. See Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L.Ed. 2d 775 (1994); Holloway v. Brush, 220 F. 3d 767, 778 (6th Cir. 2000) (holding that, "federal courts have no subject matter jurisdiction to entertain federal constitutional claims that are inextricably intertwined with a state court's ruling in an earlier action, when their adjudication would be tantamount to a review [of] the state court decision"). The question is whether the federal court can rule on a plaintiff's federal claim without implicitly holding that the state court wrongly decided relevant issues. Peterson Novelties, 305 F. 3d at 393.

Plaintiff's claim in this case would necessarily require this Court to review the merits of the state court's decision granting Davis's motion for summary judgment. It appears Plaintiff may also be challenging the state trial court's award of cost and fees to Davis. For the same reasons discussed, this Court may not review the state court's award of costs, or the amount awarded. In his response, Plaintiff did not offer any argument or rebuttal on the jurisdictional issue, but merely argued the merits of his claim against Davis. Thus, pursuant to the Rooker-Feldman doctrine, this Court simply lacks subject matter jurisdiction over Plaintiff's complaint. If Plaintiff was dissatisfied with the state trial court's decisions, Plaintiff's proper course was to appeal the decisions to the Michigan Court of Appeals rather than file a case in federal court.

II.  Immunity

Even if this case was not barred by the Rooker-Feldman doctrine, Plaintiff could not maintain the suit as Davis is entitled to quasi-judicial immunity.  Judges are entitled to absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity. Mireles v. Waco, 502 U.S. 9 (1991).  Absolute judicial immunity has been extended to non-judicial officers who perform quasi-judicial functions.  Joseph v. Patterson, 795 F. 2d 549, 560 (6th Cir. 1986).  Quasi-judicial functions are tasks so integral or intertwined with the judicial process that the person performing the tasks are considered an arm of the judicial officer who is immune.  Bush v. Rauch, 38 F. 3d 842, 847 (6th Cir. 1994). Therefore, a person who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected.  Id. (holding that court employee who executes court order is entitled to judicial immunity); Alkire v. Irving, 305 F. 3d 456, 469-70 (6th Cir. 2002) (finding clerks entitled to judicial immunity for issuing bench warrant at judge's direction);  Foster v. Walsh, 864 F. 2d 416, 417 (6th Cir. 1988) (holding that court clerk was entitled to judicial immunity for issuing erroneous warrant on judge's orders); and see Riser v. Schnieder, 37 F. App'x 763, 764 (6th Cir. 2002) (finding that clerk court was entitled to quasi-judicial immunity whether or not the clerk committed any errors in handling the plaintiff's case); In re Castillo, 297 F. 3d 940, 952 (9th Cir. 2002) (finding absolute quasi-judicial immunity extended to court clerks "for purely administrative acts - acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function.");  Herd v. Hampton, 15 F. 3d 416, WL 44865, *1 (10th Cir. 1994) (where court clerk allegedly refused to file any of Plaintiff's petitions, finding clerk entitled to quasi-judicial immunity for "simply doing her job pursuant to the

5

mandate of certain rules and procedures established by the Oklahoma appellate courts").

In this case, Davis was merely acting at the direction of the Michigan Supreme Court that it would not entertain motions to extend the time limits on appeals. Even if, as Plaintiff argues, this directive from the Court violated Michigan Court Rule 7.316(B), which the court is not deciding, Davis may not be held personally liable for the violation. He was, as the Herd Court reasoned, "simply doing his job pursuant to the mandate" of the Michigan Supreme Court.[1]

Plaintiff has not indicated whether he is suing Davis in his personal or official capacity, or both. Quasi-judicial immunity applies if a defendant is sued in his personal capacity. However, the Eleventh Amendment immunizes state officials sued in their official capacity from suit in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101(1984). The Eleventh Amendment bars a suit brought in federal court against a state and its departments or agencies unless the state has waived immunity or unequivocally consented to be sued. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Barton v. Summers, 293 F. 3d 944, 948 (6th Cir. 2002). The state of Michigan, however, has not consented to being sued in civil rights actions in the federal courts. See Abick v. Michigan, 803 F.2d 874, 877 (6th Cir.1986). Federal courts are barred from exercising jurisdiction over a claim where Eleventh Amendment immunity applies to the claim.

---

[1] The court notes that there is no constitutional requirement that a State provide an appeal process. Evitts v. Lucey, 469 U.S. 387, 409 (1985) (citing McKane v. Durston, 153 U.S. 684, 687 (1894)) If a State chooses to provide a right of appeal it may do so "upon such terms as in its wisdom may be deemed proper." Id. To the extent the Michigan Supreme Court chooses to strictly enforce time limits for filing applications for leave to appeal, it may do so without violating the federal constitution. Moreover, the violation of a state procedural rule is not actionable in a § 1983 suit, which provides a remedy only for violations of federal law. Radvansky v. City of Olmsted Falls, 395 F. 3d 291, 313-14 (6th Cir. 2005; Bills v. Henderson, 631 F.2d 1287, 1298-99 (6th Cir.1980).

Ernst v. Roberts, 379 F.3d 373, 378 (6th Cir. 2004).  The Supreme Court has explained that a suit against a state official in his or her official capacity is actually a suit against the official's office, and "[a]s such, it is no different from a suit against the State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Thus, in addition to barring all federal court suits against the states, the Eleventh Amendment bars damage suits against state officers in their official capacities.

## Conclusion

For the foregoing reasons, the Court GRANTS the Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

So ordered this 31st day of October, 2005.

        /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge